# ALICE McCLURE GETCHELL AND ANOTHER v. MARY McCLURE FREEMAN.[1]

### May 4, 1917.

### Nos. 20,335.—(74).

**Partition — apportionment of taxes.**

Cross-complaints in an action for partition filed pursuant to stipulation. Prayer "that the decree to be entered adjust the taxes on the land * * * so that each owner shall bear his proper share of the taxes." The amended complaint asked the same relief. From tax statements an expert testified and gave his computations as to the amounts due from the various parties. There was no objection. *Held*: The pleading was sufficient to authorize a determination of the taxes and the evidence was sufficient to support the finding. [Reporter.]

Action for partition in the district court for Wadena county. The case was tried before Nye, J., who made findings and as conclusion of law found that defendants were entitled to the land subject to certain liens for taxes against the same. The motion of defendant Child for a new trial was denied. From the judgment entered pursuant to the order for judgment, defendant Child appealed. Affirmed.

*S. R. Child* and *Sherman Child,* for appellant.

*J. F. McGee, Roberts & Strong* and *C. R. Beddall,* for respondents.

PER CURIAM.

Action of partition. There was judgment partitioning the property in specie and adjudging liens for taxes. The defendant Child appeals. The only question is as to the propriety of the judgment adjudging liens for taxes.

In May, 1915, a judgment of partition was entered. A large number of tracts of land were involved. Certain lands were set off to the defendant Benner and the defendant Child as tenants in common. No provision was made as to the taxes paid by any party to the litigation in excess of his

[1]Reported in 162 N. W. 463.

proportionate share. After judgment it was ascertained that there was a mortgage upon Benner's interest. The mortgagee was not made a party and the mortgage was not confined to the interest set off to Benner, but remained a lien upon an undivided interest in the whole. Thereupon a stipulation was entered for the vacation of the judgment so far as it awarded lands to the defendants Child and Benner. It contemplated that the mortgagee would be made a party and the lien of the mortgage confined to the Benner interest, and that the defendant Child should file a cross-complaint. In a cross-complaint filed pursuant to the stipulation the defendant asked "that the decree to be entered herein adjust the taxes on the lands described in the complaint and cross-complaint herein, and known as the Clarke-McClure-Child-Benner land, so that each owner shall bear his proper share of the taxes." The complaint as amended asked the same relief.

The contention of the defendant now is that the pleadings did not authorize a determination of the taxes and that the evidence was insufficient to support the findings. We are of the opinion that the pleadings were sufficient. If they or the stipulation authorizing them were misunderstood by the defendant to his prejudice, he would have been allowed relief upon a timely application.

The evidence as to the payment of taxes was very informal. The tax books were not introduced. Certain statements relative to taxes were offered. An expert testified from them and gave his computations as to the amounts due from the various parties. The defendant did not appear at the trial. No objection was made as to the character of the testimony. In the absence of objection at the time the proof was sufficient.

We hold that the issues properly permitted the determination of the taxes paid by the parties, and that the evidence sustains the finding of the court.

Order affirmed.